**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**PECOS DIVISION**

| | | |
|---|---|---|
| **BARBARA TUCKER** | § | |
| PLAINTIFF, | § | |
| | § | |
| **V.** | § | **CAUSE NO. 4:25-cv-49-DC-DF** |
| | § | |
| **SUL ROSS STATE UNIVERSITY,** | § | |
| DEFENDANT. | § | |
| | § | |
| | § | |
| | § | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

Defendant files this Answer to Plaintiff's Original Complaint (ECF #1). Pursuant to Federal Rule of Civil Procedure 8(b), Defendant denies each and every allegation contained in the Complaint except for those expressly admitted herein. The headings and paragraphs below directly correlate to the sections and numbered paragraphs of the Complaint. Those titles are reproduced in this Answer for organizational purpose only, Defendant does not admit any matter contained therein.

Defendant responds to the specifically numbered allegations of the Complaint as follows:

### I.    THE PARTIES

1.1    To the best of Defendant's knowledge, the allegations in this paragraph are true and Plaintiff is named correctly.

1.2    Defendant admits the allegations as stated in this paragraph.

## II.    JURISDICTION AND VENUE

2.1    This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant does not dispute that this Court retains subject-matter jurisdiction over claims involving Title VII of the Civil Rights act, U.S.C. § 2000e et seq.

2.2    This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant does not dispute that venue is proper as pleaded.

## III.    FACTUAL BACKGROUND

3.1    Admit.

3.2    Admit.

3.3    Defendant denies the allegations as written in this paragraph.

3.4    Defendant lacks requisite information to respond fully to the allegations in this paragraph. To the extent a response is required, Deny.

3.5    Defendant denies the allegations as written in this paragraph.

3.6    Defendant denies the allegations as written in this paragraph.

3.7    Admit.

3.8    Defendant denies the allegations made in this paragraph.

3.9    Defendant denies the allegations made in this paragraph.

3.10    Defendant denies the allegations made in this paragraph as untrue.

3.11    Defendant admits Dr. Dean Culpepper was hired by Sul Ross as dean of its College of Health Sciences in or around November, 2024, and denies the remainder of the allegations in this paragraph.

3.12    Defendant admits that on or about December, 2024, Plaintiff was informed she had been removed as dean  and denies the remainder of the allegations in this paragraph.

3.13    This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegation contained in this paragraph and reserves the right to raise all available jurisdictional arguments and affirmative defenses to Plaintiff's claims.

3.14    Defendant lacks requisite information to either admit or deny some or all of the allegations in this paragraph. To the extent a response is required, Defendant denies the allegations contained in this paragraph and reserves the right to raise all available jurisdictional arguments and affirmative defenses to Plaintiff's claims.

3.15    Defendant denies the allegations made in this paragraph.

3.16    Defendant denies the allegation as written in this paragraph. At the time referred to in this paragraph, Plaintiff's salary and pay schedule was structured in a manner similar to all full-time faculty members at Sul Ross.

3.17    Defendant admits to the contents of the email referenced in this paragraph.

3.18    Defendant admits to the accuracy of the "Tenure and Tenure Track" model displayed in this paragraph and denies the remaining allegations made in this paragraph.

3.19    This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph and reserves the right to raise all available jurisdictional arguments and affirmative defenses to Plaintiff's claims.

3.20    This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph and reserves the right to raise all available jurisdictional arguments and affirmative defenses to Plaintiff's claims.

3.21    This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph and reserves the right to raise all available jurisdictional arguments and affirmative defenses to Plaintiff's claims.

3.22    This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph and reserves the right to raise all available jurisdictional arguments and affirmative defenses to Plaintiff's claims.

3.23    This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph and reserves the right to raise all available jurisdictional arguments and affirmative defenses to Plaintiff's claims.

3.24    This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph and reserves the right to raise all available jurisdictional arguments and affirmative defenses to Plaintiff's claims.

## IV.    CAUSES OF ACTION

4.1    **Alternative Pleadings**. Defendant does not admit or deny this paragraph as no response is required.

**Discrimination Based on Race and Sex Under Title VII of the Civil Rights Act of 1964**

4.2    Defendant does not admit or deny this paragraph as no response is required..

4.3    This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph and reserves

the right to raise all available jurisdictional arguments and affirmative defenses to Plaintiff's claims.

4.4     This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph and reserves the right to raise all available jurisdictional arguments and affirmative defenses to Plaintiff's claims.

4.5     Defendant does not admit or deny this paragraph as no response is required.

## V.     REQUESTED RELIEF

5.1     This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph and reserves the right to raise all available jurisdictional arguments and affirmative defenses to Plaintiff's claims.

## VI.     FEES, COST, AND INTEREST

6.1     This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegation contained in this paragraph and reserves the right to raise all available jurisdictional arguments and affirmative defenses to Plaintiff's claims.

6.2     This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegation contained in this paragraph and reserves the right to raise all available jurisdictional arguments and affirmative defenses to Plaintiff's claims.

## VII.     CONDITIONS PRECEDENT

7.1     This paragraph contains legal conclusions to which no response is required.

## VIII.  <u>**DEMAND FOR JURY TRIAL**</u>

8.1     Defendant does not admit or deny this paragraph as no response is required.

### CONCLUSION & PRAYER

For the foregoing reasons, Defendant respectfully requests that the Court dismiss Plaintiff's

claims with prejudice and issue a take-nothing judgment in favor of Defendant.

Respectfully submitted,

**KEN PAXTON**
Attorney General

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**AUSTIN KINGHORN**
Deputy Attorney General for Civil Litigation

**KIMBERLY GDULA**
Chief, General Litigation Division

*/s/Kyle Argenbright*
**KYLE ARGENBRIGHT**
Assistant Attorney General
Texas State Bar No. 24143565
kyle.argenbright@oag.texas.gov
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 475-4475 | Fax: (512) 320-0667
***LEAD COUNSEL FOR DEFENDANT***

## CERTIFICATE OF SERVICE

I certify that that on July 29, 2026, this document was filed electronically via the Court's ECF system upon all counsel of record.

**Frank Hill**
Hill Gilstrap, P.C.
1400 West Abram Street
Arlington, TX 76013
Tel: (817) 261-2222
Email: fhill@hillgilstrap.com

**COUNSEL FOR PLAINTIFF**

*/s/ Kyle Argenbright*
**KYLE ARGENBRIGHT**
Assistant Attorney General